Argued and submitted September 27, 1991, affirmed February 12, 1992

STATE OF OREGON,
*Respondent,*

*v.*

CHRISTOPHER SCOTT ANDERSON,
*Appellant.*

(89-12-36837; CA A66529)

826 P2d 66

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Carol J. Fredrick, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant pled guilty to unauthorized use of a motor vehicle. ORS 164.135. Under the sentencing guidelines, his grid block was 3 F, with a presumptive probation period of 24 months. OAR 253-05-008. The court did not impose any custody units at the time of sentencing. It later found that defendant had violated his probation. It continued probation, but added a condition that defendant serve 60 days in the Multnomah County jail. Defendant appeals, and we affirm.

Defendant contends that a sentencing court cannot add a custodial condition to probation, unless the judge imposed the custody requirement at the time of sentencing and "reserved" those custody units. He relies on this general material from the guidelines implementation manual:

"When the sentencing judge decides to impose additional conditions of probation, the sentencing judge is free to impose *any noncustodial condition* of probation. OAR 253-05-015 and ORS 137.540(6). If the sentencing judge seeks to *sanction a supervision violation with a custodial condition*, he or she must comply with general limitation [*sic*] placed on the use of custodial conditions by the State Sentencing Guidelines Board. OAR 253-05-011, 253-05-012 and 253-05-013.

"The sentencing judge must have *reserved custody units from the initial probationary sentence*, if a custodial sanction is to be imposed. Consider, for example, an offender sentenced to a probationary sentence in grid block 3-F for a Criminal Nonsupport conviction. The sentencing judge *imposes the full 120 units* permitted as part of the presumptive sentence. The judge also imposes the following custodial conditions of probation: a 30-day jail term (30 custody units) and 30-days of house arrest (30 custody units). After having served the full term of custodial conditions, the offender commits a number of serious probation violations. The sentencing judge *retains 60 custody units* $(120 - (30 + 30) = 60)$ to impose a custodial sanction for the supervision violations." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 167 (1989). (Emphasis supplied.)

Defendant concludes that custody units must be imposed as part of the initial sentence and cannot be added later as a condition of probation. The state contends that a court "reserves" custody units by not ordering the defendant

to serve all available units under the statute immediately. It argues that the maximum custody units are set out in the guidelines and the court can impose any unused custody units at probation violation hearings. Therefore, it is redundant for a court to impose all the units at the initial sentencing, only to "reserve" them for later use. We agree with the state's interpretation.

Initially, we note that the material relied on by defendant does not carry the force of law. *See State v. Moeller*, 105 Or App 434, 440 n 4, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). However, OAR 253-05-013 provides, in part:

"(4)   Within the limitations established by this rule on the use of jail as part of a probationary sentence, the sentencing judge may impose:

"(a)   a jail term as part of a probationary sentence to be served immediately upon sentencing;

"(b)   *one or more jail terms as a sanction for probation violations over the term of probation*; or

"(c)   both (a) and (b) of this section *so long as the total length* of jail incarceration does *not exceed the limits* established by this rule on the use of jail as part of a probationary sentence." (Emphasis supplied.)

That rule permits custody units to be added to a probationary sentence at any time, as long as the total number of units imposed does not exceed the maximum.

If a trial court were unable to impose any additional custody units, the only probation violation sanction that it would have available would be to revoke probation and send the defendant to prison.[1] In the light of the guidelines' presumption that probationary sentences should be imposed and the encouragement of imposition of lesser sanctions than revocation,[2] it is clear that revocation is to be used as a last resort.

---

[1] OAR 253-10-002(1) provides:

"For those offenders whose presumptive sentence was probation, the sentence upon revocation *shall* be a prison term up to a maximum of six months." (Emphasis supplied.)

[2] OAR 253-10-001 provides that the decision to revoke probation is "discretionary and *may be exercised* upon a finding that the offender has violated one or more

We conclude that custody units do not have to be imposed when the sentencing court initially passes sentence. Any units that are not imposed at the time of sentencing are reserved for use as sanctions for probation violations.

Affirmed.

---

conditions of probation * * *." (Emphasis supplied.) Furthermore, the Commentary to OAR 253-10-002 says:

"Because OAR 253-10-002 requires a period of state imprisonment upon revocation * * *, the sentencing judge should revoke probation only if the judge determines that *no less severe sanction would be appropriate* * * *.

"[A] principal objective of sentencing guidelines in allocating available prison resources is to provide adequate space as a sanction for probation revocation. Achieving that objective, however, requires *the prudent use of revocation*, and the careful consideration in every case *of other sanctions in lieu of revocation.*" Commentary, *Oregon Sentencing Guidelines Implementation Manual* 169 (1989). (Emphasis supplied.)